UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWNTE Y. ANDERSON,
on behalf of C.B.A., a minor,

       Plaintiff,

v.                                                     Case No. 1:07-cv-119

COMMISSIONER OF SOCIAL                 Hon. Janet T. Neff
SECURITY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for social security income (SSI). Although plaintiff was represented by counsel at the administrative hearing, she brings this appeal *pro se*.

Plaintiff was born on June 25, 1993 (AR 51).[2] She alleges a disability onset date of November 7, 2002 (AR 51). Plaintiff's alleged disability is insulin dependent diabetes (AR 62). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on March 22, 2006 (AR 20-30). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

---

[1] Although Dawnte Y. Anderson is the nominal plaintiff, the term "plaintiff" herein shall refer to her minor daughter C.B.A., the real party in interest. The court notes that the administrative law judge's decision refers to the minor, C.B.A., as "the claimant."

[2] Citations to the administrative record will be referenced as (AR "page #").

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.   An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

There is a three step process in determining whether a child is "disabled" under the new definition set forth in the Act. First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003).

The regulations provide separate tests for the three determinations at step three of the process, whether the child's impairment meets, medically equals, or functionally equals an impairment listed in the Listing of Impairments. 20 C.F.R. § 416.924(d). First, "[i]n order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. *See* 20 C.F.R. § 416.924(a)." *Elam*, 348 F.3d at 125. "It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Id.* Second, an impairment is "medically equivalent" to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). Third, an impairment may be functionally equivalent to a listed impairment. The "functional equivalence" of a listed impairment is defined as an impairment of listing-level severity, which requires either "marked" limitations in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six relevant domains of functioning are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and, health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## II.  ALJ'S DECISION

Following the three steps, the ALJ first found that plaintiff has not engaged in substantial gainful activity (AR 23).  The ALJ then found that plaintiff suffered severe impairments of diabetes mellitus and asthma (AR 23).  At step three, the ALJ found that the limitations resulting from plaintiff's impairment, did not meet, medically equal or functionally equal Listing 109.08 (juvenile diabetes mellitus) or Listing 104.08 (cardiomyopathies), or any Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 23-24).  The ALJ further found that plaintiff's impairments have not resulted in "marked and severe" limitations in two domains of functioning and does not functionally equal the severity of the listings (AR 24-30).  The ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act (AR 30).

## III.  ANALYSIS

Plaintiff raises two issues on appeal:

        **A.**      **The decision of the administrative law judge was erroneous, not supported by substantial evidence on the record and/or contrary to the law.**

Plaintiff's *pro se* brief consists primarily of a document entitled "SSI Amicus Brief," which appears to be a generic document unrelated to the specific issues raised by plaintiff on appeal. Nevertheless, after reviewing the record, the court concludes that this matter should be reversed and remanded.

        **1.**      **Plaintiff's asthma claim**

At the second step of the sequential evaluation, the ALJ found that plaintiff suffered from two severe impairments, diabetes mellitus and asthma (AR 23).  However, at the third step, the ALJ inexplicably evaluated plaintiff under Listing 104.08 (cardiomyopathies) rather than Listing

4

103.03 (asthma).  Not surprisingly, plaintiff failed to meet the requirements of Listing 104.08 (a condition that she never alleged existed).[3]  Defendant sidesteps this error stating that "[t]he record shows that C.B.A.'s asthma is treated effectively with the use of inhalers, and does not contain the sort of findings necessary under the applicable listing, 104.08."  Defendant's Brief at 12.

The Commissioner must provide a statement of evidence and reasons on which the decision is based.  *See* 42 U.S.C. § 405(b)(1).  The importance of that requirement is manifest here, where it reveals that the ALJ failed to properly address the severe impairment of asthma as required under step three of the sequential evaluation for determining disability. 20 C.F.R. § 416.924(d). Accordingly, this matter should be reversed and remanded to the Commissioner for evaluation of plaintiff's asthma under the appropriate listing.

### 2.       Plaintiff's diabetes claim

The record reflects that the ALJ reviewed plaintiff's diabetes mellitus under Listing 109.08.  The introduction to the listing of impairments related to the endocrine system, Listing 109.00, provides in pertinent part:

A. *Cause of disability*. Disability is caused by a disturbance in the regulation of the secretion or metabolism of one or more hormones which are not adequately controlled by therapy. Such disturbances or abnormalities usually respond to treatment. To constitute a listed impairment these must be shown to have persisted

---

[3] The ALJ noted in pertinent part that :

A child will meet Listing 104.08 for cardiomyopathies when her condition is documented by appropriate imaging techniques, including echocardiography or cardiac catheterization, if catheterization results are availed from a treating source. To meet the Listing, the impairment must be associated with an ejection fraction of 50 percent or less and significant left ventricular dilatation using standardized age-appropriate echocardiographic ventricular cavity measurements.  In this case, the child meets neither the requirements for 109.08 nor the requirements of 104.08.

(AR 24).

or be expected to persist despite prescribed therapy for a continuous period of at least 12 months.

*     *     *

C. *Documentation*. Description of characteristic history, physical findings, and diagnostic laboratory data must be included. Results of laboratory tests will be considered abnormal if outside the normal range or greater than two standard deviations from the mean of the testing laboratory. Reports in the file should contain the information provided by the testing laboratory as to their normal values for that test.

Listing 109.00A and C, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The specific listing for juvenile diabetes mellitus is set forth in Listing 109.08, which

provides as follows:

109.08 *Juvenile diabetes mellitus (as documented in 109.00C) requiring parenteral insulin*. And one of the following, despite prescribed therapy:

A. Recent, recurrent hospitalizations with acidosis; or

B. Recent, recurrent episodes of hypoglycemia; or

C. Growth retardation as described under the criteria in 100.02 A or B; or

D. Impaired renal function as described under the criteria in 106.00ff.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

The ALJ's review under Listing 109.08 states as follows:

A child will meet Listing 109.08 for juvenile diabetes mellitus if there are recent, recurrent hospitalizations with acidosis; or recent, recurrent episodes of hypoglycemia; or growth retardation; or impaired renal function. While the claimant in this case may meet the listing standards at certain points of time, she does not meet them for 12 months in a row as required by the regulations.

(AR 24).

The ALJ's discussion regarding this listing does not reference any medical records past November 12, 2004 (AR 23-24). Later records are relevant to whether plaintiff meets the requirements of Listing 109.08. For example, these later records reflect two emergency room visits to Oaklawn Hospital after that date (March 8, 2005 and July 30, 2005) and physician's treatment notes through September 20, 2005 (AR 214-24, 232-41, 252-63). In addition, a Medical Source Statement prepared by plaintiff's physician and dated October 6, 2005 states that she has uncontrolled diabetes with "hyper/hypoglycemia attacks" (AR 247-52).[4]

While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984).

Based on this record, the court cannot perform a meaningful review of the ALJ's finding that plaintiff failed to meet the requirements juvenile diabetes mellitus under Listing 109.08. Accordingly, this matter should be reversed and remanded for a re-evaluation of plaintiff's claims under the Listing.

---

[4] The ALJ refers to some later records in discussing whether plaintiff's severe impairment is functionally equivalent to a listed impairment. However, this discussion of functional equivalence does not address the question of whether plaintiff's impairment meets the requirements of Listing 109.08.

**B.      The record does not include a letter from the Michigan
         Department of Community Health.**

Finally, plaintiff contends that the ALJ erred, because the administrative record does not include a letter from the Michigan Department of Community Health.  This letter, dated August 18, 2003, invites plaintiff to join the Children's Special Health Care Services (CSHCS) program.  *See* letter attached to plaintiff's brief.  The letter states in pertinent part that plaintiff:

> qualifies for coverage for DIAB KETOACIDOSIS JUVEN based on medical information we recently received from DAVID HALSEY, M.D.   If you have questions about that diagnosis, please call your doctor.

*Id.*

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g).  *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[5]   Sentence six provides that "[t]he court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is <u>material</u> and that there is <u>good cause</u> for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

---

[5]  Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction  with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

Plaintiff has not shown good cause for failing to present this letter to the ALJ. "Good cause" is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986). This letter is not "new evidence;" it is dated more than two years prior to plaintiff's October 14, 2005 administrative hearing. Plaintiff provides no reason for failing to incorporate it into the administrative record.

Furthermore, the letter is not material. In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. The letter is based upon a diagnosis provided by Dr. Halsey, one of plaintiff's treating physicians. The ALJ had access to Dr. Halsey's treatment records and diagnoses, including the doctor's "Medical source statement concerning claimant' ability to engage in work related activities" which diagnosed plaintiff as suffering from "Type I Diabetes" (AR 242-46) and medical records regarding his treatment of plaintiff at the Diabetes Center of Foote Hospital from May 2003 through November 2004 (AR 93-96, 194-213). Under these circumstances, there is not a reasonable probability that the ALJ would have reached a different disposition of plaintiff's disability claim because a state agency determined that she qualified for the CSHCS program in August 2003. Accordingly, plaintiff is not entitled to a sentence-six remand to incorporate this letter into the administrative record.

**IV.**     **Recommendation**

I   respectfully   recommend   that   the   Commissioner's   decision   be   reversed   and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of plaintiff's asthma

and juvenile diabetes claims consistent with this report and recommendation.

Dated:  December 26, 2007                          /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within ten (10) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).